Mark R. Thierman (CA#72913, NV#8285)
mark@thiermanlaw.com
Joshua D. Buck (CA# 258325, NV#12187)
josh@thiermanlaw.com
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada  89511
Tel: (775) 284-1500
Fax: (775) 703-5027

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NORTHERN CALIFORNIA

# (SAN JOSE DIVISION)

| | |
|---|---|
| KEVIN D. RAACK, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> CISCO SYSTEMS, INC. and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. 201 et seq.** |

COMES NOW Plaintiff KEVIN D. RAACK ("Plaintiff"), on behalf of himself and all others similarly situated, and hereby alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and his counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the claims alleged herein pursuant to 29 U.S.C. § 1331, the federal questions being the Fair Labor Standards Act, 29 U.S.C. § 216(b), hereinafter referred to as the "FLSA".

2. Venue is proper in this Court because one or more of the Defendants named herein maintains its principal place of business, or otherwise is found, in this judicial district, the vast majority of the proposed class members live and work within this judicial district, and any employment and/or severance contracts between the select California law when Federal law is not controlling.

**PARTIES**

3. Plaintiff KEVIN D. RAACK ("Plaintiff" or "RAACK") is natural person who was employed by Defendant as a Product Manager from on or about May 2000 to October 20, 2013. Initially, Plaintiff worked for Defendant in Jose, California, but then was transferred to Reno, Nevada more than four years ago. Plaintiff is and/or was an "employee" as that term is defined in § 203(e)(1) of the FLSA. Plaintiff has or will file a separate consent to sue in this case.

4. Defendant CISCO SYSTEMS INC. ("Defendant" or "CISCO") is a California corporation with its principal place of business at 170 West Tasman Dr., San Jose, California. At all times relevant herein, Defendant is and was a publicly traded, New York stock exchange company engaged in the manufacture and worldwide sales of equipment based on internet protocol (IP) technology such as routers and switches and is an "employer" as that term is used in § 203(d) of the FLSA.

5. Upon information and belief, Defendant has had gross operating revenues well in excess of 8 billion year, and is engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

6. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Defendant often operates in different states under different wholly owned corporate subsidiaries but each are joint

employers with Defendant as that term is defined by the FLSA.  Defendant sets all wage policies and termination of all product manager employees from its San Jose, California, location.

## COLLECTIVE ACTION ALLEGATIONS

7.     Plaintiff brings this action pursuant to the FLSA as a collective action under 29 U.S.C. § 216(b) as an "opt-in" collective action on behalf of himself and all others similarly situated Product Managers who are currently employed, or formerly have been employed within three years prior to the filing of this lawsuit until the date of judgment herein.

8.     Upon information and belief, Defendant employs and/or has employed in excess of 1,000 Product Managers within the applicable statute of limitations, each of whom has substantially similar, or identical, duties as Plaintiff.

9.     Plaintiff's claims are similar to the claims of the Class members.

10.    Class members are similarly situated, as they have substantially the same or similar job requirements and are subject to a common practice, policy or plan that requires them to perform work in excess of 40 hours in a workweek, and are not exempt from the overtime provisions of the FLSA 29 U.S.C. §207(a)(1).

11.    Common questions of law and fact exist and predominate as to Plaintiff and the Class, including, without limitation: 1) Whether or not CISCO 's policy of classifying its Product Managers as exempt violates the FLSA and 2) Whether or not a general release of all claims, including all wage claims, included in a severance package with a half dozen other possible labor law violations, is valid under federal and/or state law when there is no dispute known at the time of execution by Plaintiff and most other class members and there has been no supervision by a court of competent jurisdiction, or the United States Department of Labor, or any state or local governmental agency.

12.    To the extent that some or all of the potential class members, including Plaintiff, have signed a severance agreement containing a general release and purporting to waiving claims under the Fair Labor Standards Act, such agreements are void as against social policy under the rational of cases like *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945), *D.A.*

*Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 (1946), *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir.1982), and their progeny.

13. To the extent that some or all of the potential class members, including Plaintiff, have signed a severance agreement containing a general release and purporting to waiving claims under applicable state law, such agreements are void as against social policy and statute especially since the Plaintiffs were unaware of any potential dispute at the time of execution.

## FACTUAL ALLEGATIONS

14. The policies and practices of CISCO in regards to not paying employees classified as "Product Managers" premium pay at one and one half their regular hourly rate of pay for all hours worked in excess of 40 at all relevant times have been substantially similar, if not identical, throughout the different CISCO locations in the United States.

15. Product Managers do not hire or fire or responsibly direct the work of others. Product Managers do not manage other employees.

16. Product Managers do not set general policies or procedures for the company or any recognized subdivision thereof.

17. Product Managers are not required to have an engineering degree or any other advanced academic training in a recognized field of science or learning. Many of the Product Managers had general business degrees, some have engineering degrees and some have either no college degree or a degree in totally unrelated fields like the liberal arts.

18. A Product Manager merely "gathers requirements" for a product by asking the users and customers what they wish to see in a product, recommend a roadmap for what features to add to the product or an improvement to an existing product. Then the Product Manager drafts a product requirement document, often called a PRD, which is circulated to engineering, support, management, and to service product managers for approval. Then the Product Management gets the feedback, and then there would be a "commit" meeting, where everyone had to agree that the changes and/or features would be and could be accomplished.

19. The PRD had to be approved by a list of people, who often changed the PRD to their liking.

20. Then the project is turned over to Engineering to develop, with questions back to the Product Manager, if any, about usability, functionality, or things unspecified by the PRD.

21. Some Product Managers would also develop "collateral" for launching the product to market. The collateral consisted of specification sheets for end user, data sheet presentations, training materials.

22. If Engineering could not develop the product with all the features set forth by the PDR, or in time, then the PDR would have to be modified. If the deviation was more than just 5% from the original PDR, the entire process had to be repeated with everyone approving to get a "recommit" to continue the project.

23. Some Product Managers would do some limited training to the field representatives employed by CISCO or customers to show them how the new product or features worked.

24. Plaintiff, and all other Product Managers, did and do solicit orders for goods or services.

25. Plaintiff, and all other Product Managers, does not exercise discretion and independent judgment with respect to matters of significance directly related to the management or general business operations.

26. Plaintiff, and all other Product Managers, routinely work in excess of forty hours a week without payment of premium pay at one and one half his regular rate as overtime compensation.

27. Defendant failed to pay Plaintiff and fails to pay all its Product Managers overtime compensation for overtime hours worked, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

28. Defendant willfully classifies its non-exempt Product Managers as exempt from the overtime provisions of § 207(a)(1) of the FLSA.

29. Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

CLASS AND COLLECTIVE ACTION COMPLAINT

## FIRST CAUSE OF ACTION

(Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207)

30. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. 28 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32. Defendant's act and policy of classifying Plaintiff and other Product Managers as exempt from the overtime pay entitlements is and has been unlawful.

33. By the conduct described above, Defendant has willfully violated the FLSA.

34. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and all present and former Product Managers in excess of one and one half their regular hourly rate of pay for all hours worked in excess of forty hours a week from three years prior to the filing of this complaint until the date of judgment in this action, plus liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

(Failure to Pay Overtime Wages in Violation of the of NRS 608.018)

35. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

36. Plaintiff alleges this cause of action as to himself only although it is based upon the same facts common to the entire class.

37. Plaintiff reserves the right to amend this complaint to allege a class action if, after discovery, it has a reasonable belief that Defendant employed a sufficient number of

CLASS AND COLLECTIVE ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Product Managers within the State of Nevada within the relevant statute of limitations period to satisfy the numerousity requirement of Rule 23 of the Federal Rules of Civil Procedure.

38. Nevada Revised Statute ("NRS") 608.018(2) provides that "[a]n employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work."

39. Plaintiff is not primarily engaged in exempt duties.

40. Neither the executive exemption under NRS 608.018(3)(d), the administrative exemption under NRS 608.018(3)(d), nor the professional exemption under NRS 608.018(3)(d) applies the Plaintiff or any other Business Sales.

41. By the conduct described above, Defendant has violated the provisions of NRS 608.018.

42. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and all present and former Product Managers in excess of one and one half their regular hourly rate of pay for all hours worked in excess of forty hours a week from three years prior to the filing of this complaint until the date of judgment in this action, plus attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

(Waiting Time Penalties Pursuant to NRS 608.020-608.050)

43. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

44. Plaintiff alleges this cause of action as to himself only although it is based upon the same facts common to the entire class.

45. Plaintiff reserves the right to amend this complaint to allege a class action if, after discovery, it has a reasonable belief that Defendant employed a sufficient number of Product Managers within the State of Nevada within the relevant statute of limitations period to satisfy the numerousity requirement of Rule 23 of the Federal Rules of Civil Procedure.

46. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

47. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned quit, or was discharged until paid or for 30 days, whichever is less."

48. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

49. Plaintiff left his employment with Defendant during the statutory period, at which time Defendant owed Plaintiff and those other Nevada Product Managers their overtime wages.

50. Defendant willfully refused and continues to refuse to pay Plaintiff and those Nevada Product Managers who terminated employment all the wages that were due and owing them upon the end of employment.

51. Wherefore, Plaintiff demands thirty days of pay as waiting penalties together with attorneys' fees, costs, and interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of Class members and all others similarly situated, prays for relief as follows:

a. For an order conditionally certifying this action under the FLSA and providing notice to all Class members so they may participate in this lawsuit;

b. For an order appointing Plaintiff and his counsel as representatives of the Class and any state law Subclasses;

c. For compensatory damages, of the payment of overtime premium pay, according to proof;

d. For liquidated damages pursuant to 29 U.S.C. § 216(b);

e. For waiting-time penalties pursuant to NRS 608.020-050;

f. For interest as provided by law at the maximum legal rate;

g. For reasonable attorneys' fees authorized by statute;

h. For costs of suit incurred herein;

i. For pre-judgment and post-judgment interest, as provided by law; and

j. For such other and further relief as the Court may deem just and proper.

Dated this 09 day of September, 2014                THIERMAN LAW FIRM


                                                    _____/s/_ Mark R. Thierman
                                                    Mark R. Thierman
                                                    *Attorney for Plaintiff*

CLASS AND COLLECTIVE ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net