UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D RAACK,<br>         Plaintiff,<br>    v.<br>CISCO SYSTEMS, INC.,<br>         Defendant. | Case No. 14-cv-04090-RMW<br><br>**ORDER DENYING JOINT MOTION TO DISMISS; DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 18 |

Pending before the Court is the parties' joint motion for approval of their settlement agreement, dismissal of Raack's individual claims with prejudice, and dismissal of Raack's claims on behalf of the proposed class without prejudice. Dkt. No. 18. The parties have also filed an administrative motion to file their settlement agreement under seal. For the reasons explained below, the court denies both the joint motion to dismiss and the motion to seal without prejudice. The Court cannot evaluate whether the settlement is "a fair and reasonable resolution of a bona fide dispute" without more information from the parties as to the potential value of Raack's claims and the nature of the dispute. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, the parties have failed to articulate either good cause or any compelling reason to seal the settlement agreement.

I. BACKGROUND

On November 9, 2014, Raack filed a complaint on behalf of himself and a putative class of

1  all others similarly situated, against Cicso for violations of the Fair Labor Standards Act ("FLSA")
2  and state wage and hour laws. Dkt. No. 1. On January 30, 2015, the parties filed a stipulation
3  seeking an order dismissing this action with prejudice with respect to Raack's claims, and without
4  prejudice as to the claims of the alleged class. Dkt. No. 18.

   The motion states that Raack and Cisco have executed a settlement agreement containing a
confidentiality provision preventing its filing as a public record. The parties state: "Confidentiality
is a material term of the Settlement Agreement. As such, sealing the Settlement Agreement is
critical to effectuating the intent of the parties and expediting resolution of this matter." Dkt. No.
17 at 2.

## II. DISCUSSION

### A. Whether the settlement is fair and reasonable

A district court may approve an FLSA settlement if the proposed settlement reflects "a reasonable compromise over [disputed] issues ." *Lynn's Food Stores,* 679 F.2d at 1354. Here, the parties have not presented any justification for their settlement other than that the settlement was reached through "good-faith negotiations" and "is a fair and reasonable amount." Dkt. no. 18-3 at 21. Without knowing the potential value of plaintiff's claims or the legal issues in dispute the court cannot evaluate the settlement. *See McKeen-Chaplin v. Franklin Am. Mortgage Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012). Accordingly, the joint motion to dismiss is denied without prejudice.

### B. Whether the settlement may be filed under seal

Based on the current submissions before the court, the only justification for sealing the agreement is that "confidentiality is a material term of the Confidential Settlement. As such, sealing the Confidential Settlement is critical to effectuating the intent of the Parties in this action." Dkt. No. 18-3 at ¶ 3. This is not sufficient to meet either the good cause or compelling reasons standard for sealing. *See Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2013 WL 5814763 (N.D. Cal. Oct. 29, 2013). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992). Furthermore, "[a] sealing order may issue only upon a request that establishes that

Case No. 14-cv-4090-RMW                    2

the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). Requests to file under seal must be "narrowly tailored," *id.,* and must be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79–5(d)(1)(A). "Reference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Accordingly, the motion to file under seal is denied without prejudice. The court may be open to sealing the specific amount of the settlement, if the parties support such a sealing request with sufficient justification.

**III. ORDER**

The joint motion to dismiss and the motion to seal are denied without prejudice. The parties may file a new joint motion to dismiss and sealing request within 30 days of this Order.

**IT IS SO ORDERED**.

Dated: February 9, 2015

_____
RONALD M. WHYTE
United States District Judge